1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB ANDREW JOHNSTON,

                          Plaintiff,

        v.

WAYLON HOWARD,

                          Defendants.

Case No. 3:22-cv-5089-TL-TLF

ORDER ON MISCELLANEOUS
MOTIONS

11    This matter comes before the Court on plaintiff's: (1) motion to proceed *in forma*

12 *pauperis* ("IFP") that duplicates the motion the Court already granted (Dkt. 14); (2)

13 motion to appoint counsel (Dkt. 15); (3) motion to extend time to obtain documents (Dkt.

14 16); (4) amended complaint and another document entitled "complaint" that appears to

15 be incomplete (Dkts. 18 and 21); (5) "declaration in opposition of defendants' motion for

16 summary judgment" (Dkt. 20) [no such motion has been filed]; (6) proposed voir dire

17 (Dkt. 22); and (7) a proposed special verdict form (Dkt. 23).

18    As is discussed in more detail below, several of these documents are premature

19 because this case is in its very early stages, and the Court therefore strikes them. For

20 the reasons discussed below, the Court denies plaintiff's motion for counsel, denies as

21 moot plaintiff's motion for an extension of time and duplicate motion to proceed IFP, and

22 grants plaintiff leave to file an amended complaint containing all of his claims and

23 allegations.

24
25

A.      Case Schedule and Process

This case is in its very early stages. At this stage, plaintiff has been granted leave to proceed IFP, his complaint has been filed and defendants have been served. Dkts. 4, 5, 11, 12. The next step in the process—defendants' answer to the complaint—is currently scheduled for April 29, 2022.[1] Dkt. 7.

After defendants answer, the Court will enter a scheduling order that sets a deadline (usually four months away) for the parties to complete the discovery process. Requests for written discovery from a party (such as requests for production or interrogatories) must be served by mail directly upon the opposing party and are not to be filed with the Court. LCR 5(d). The Court's scheduling order will also set a deadline for the parties to file dispositive motions, such as motions for summary judgment; this deadline is usually approximately one month after discovery closes. It is possible that a summary judgment motion may be filed earlier than the Court's deadline, however.

If the Court resolves all of the claims in this case based on dispositive motions— then there would not be a trial. But, the Court will schedule the case for trial if claims remain after any dispositive motions have been decided. If a trial date is set, the Court will also set deadlines for submitting pretrial documents, such as jury instructions, verdict forms, etc.

Here, plaintiff has submitted several documents that are not appropriate until much later stages of this litigation. Defendants have not filed a motion for summary judgment; therefore, plaintiff's "declaration in opposition of defendants motion for

---

[1] However, this deadline will be postponed because, as discussed below, plaintiff is granted permission to file a Third Amended Complaint. The Answer will therefore become due 14 days after that complaint is filed. Fed. R. Civ. P. 15(a)(3)

summary judgment" (Dkt. 20) is premature. Similarly, because no trial date has been scheduled, plaintiff's proposed voir dire (Dkt. 22) and proposed special verdict form (Dkt. 23) are also premature. Accordingly, the Clerk is directed to STRIKE these three documents (Dkts. 20, 22 and 23).

Plaintiff has also filed a motion for an extension of time, stating that he requires time to obtain documents to prove his case. Dkt. 16. There are currently no deadlines to extend, because the Court has not set any deadlines for completing discovery. After defendants have answered the complaint, the Court will set a deadline that provides the parties several months in which to conduct discovery. Plaintiff's motion for extension (Dkt. 16) is therefore DENIED as moot.

B.    Duplicate IFP Motion

Plaintiff has filed a second motion to proceed IFP. Dkt. 14. But the Court has already granted plaintiff leave to proceed IFP. Dkt. 4. Plaintiff's second IFP motion (Dkt. 14) is therefore duplicative and unnecessary; it is DENIED as moot.

C.    Amended Complaint

Plaintiff has filed two different documents entitled "complaint." (Dkts. 18, 21). The Court construes these filings as a request to file an amended complaint.

Pursuant to Fed. R. Civ. P. 15(a)(1), plaintiff may amend his complaint once as a matter of course if the amendment is made within 21 days of the service of a responsive pleading. Here, plaintiff sought to amend before defendants had filed any response to the original complaint, and he is therefore entitled to amend as a matter of course. Plaintiff's request to file an amended complaint is therefore GRANTED.

However, it is not clear which of the amended complaints plaintiff wishes to pursue. Plaintiff is not permitted to file multiple supplements, but instead is required to file a single complaint containing all of his claims. Therefore, the Court ORDERS plaintiff to file a Third Amended Complaint, on or before **June 3, 2022**.

The Third Amended Complaint shall follow the form provided by the Court. It will act as a complete substitute for all of plaintiff's previously filed complaints, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the Third Amended Complaint must be complete in itself and state all of the facts and claims plaintiff intends to bring. Causes of action alleged in the original complaint that are not alleged in the Third Amended Complaint will be waived. *Forsyth,* 114 F.3d at 1474.

D.   Motion for Appointment of Counsel

Finally, plaintiff has filed a motion for appointment of counsel. (Dkt. 15).

A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may request counsel to represent indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the

legal issues involved," to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff argues that he lacks legal knowledge and experience, his incarceration limits his access to legal materials, and the number of claims and potential witnesses in this case render it complex. Dkt. 19.

Plaintiff has not identified conditions that render this case extraordinary. The issues he identifies are faced by any incarcerated litigant. Furthermore, plaintiff has demonstrated that he has a sufficient grasp of the legal issues involved in this case and has adequately articulated the basis of his claim, as his complaint was sufficiently presented to pass this Court's screening and to be served upon defendants. Dkt. 7.

Plaintiff has not demonstrated that this case presents complex issues. Both the current complaint and plaintiff's proposed amended complaints allege claims against only two defendants. The claims are relatively straightforward, alleging the use of excessive force and unconstitutional conditions of confinement. These claims do not present any extraordinary need for evidence or witnesses that is not present in other litigation addressing prison conditions.

Finally, at this early stage of the litigation, the Court cannot determine whether plaintiff is likely to prevail on the merits. Defendants have only recently waived service and have not yet answered the complaint. Furthermore, the Court is granting plaintiff leave to file an amended complaint. Under these circumstances, it is premature to assess the likelihood of plaintiff's success on the merits.

The Court therefore DENIES plaintiff's motion for appointment of counsel without prejudice. If changes occur in the future that would seem to warrant another motion to appoint counsel, plaintiff may submit a motion at a future date to explain what new circumstances have developed, and how those facts would show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim.

E.    Conclusion

The Court therefore ORDERS as follows:

(1)    The Clerk shall STRIKE the documents prematurely filed by plaintiff (Dkts. 20, 22 and 23);

(2)    Plaintiff's motion for an extension of time to conduct discovery (Dkt. 16) is DENIED as moot;

(3)    Plaintiff's duplicate motion to proceed IFP (Dkt. 14) is DENIED as moot;

(4)    Plaintiff shall file his Third Amended Complaint on or before June 3, 2022; the Clerk is directed to send Plaintiff the appropriate form for filing a 42 U.S.C. § 1983 civil rights complaint; and

//

//

(5)    Plaintiff's motion for appointment of counsel (Dkt. 15) is DENIED without

prejudice.

Dated this 28th day of April, 2022.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge