UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB ANDREW JOHNSTON,<br><br>              Plaintiff,<br>   v.<br><br>WAYLON HOWARD, et al.,<br><br>              Defendants. | Case No. 3:22-cv-5089-TL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 28, 2022 |

This matter is before the Court on plaintiff's motion for voluntary dismissal. Dkt. 46. Defendants have responded. Dkt. 47. The Court recommends that plaintiff's motion be granted and this matter dismissed without prejudice.

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this matter on February 14, 2022. Dkt. 1. Defendants filed their answer to the operative complaint on April 28, 2022. Dkt. 24. On September 22, 2022, plaintiff filed a motion to "cancel all case [proceedings]," stating that he "feels there is not [enough] damage done to plaintiff to [proceed] in [this] lawsuit." Dkt. 46. Defendants have responded that they have no objection to an order dismissing this matter on terms the Court determines are proper under Fed. R. Civ. P. 41(a)(2).

Pursuant to Fed. R. Civ. P. 41(a)(2), after a defendant has answered or brought a dispositive motion, "[a]n action may be dismissed at the plaintiff's request only by

REPORT AND RECOMMENDATION - 1

court order, on terms that the court considers proper[.]" Unless the court's order states otherwise, "the dismissal is without prejudice." *Id*. The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980). A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir.1989). Defendants claim no prejudice here, and do not oppose dismissal.

Accordingly, the Court recommends that plaintiff's motion be **GRANTED**, and that this action be **DISMISSED** without prejudice. The Court further recommends that plaintiff's pending motion to start settlement process (Dkt. 43) be **DENIED** as moot.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the above time limit, the Clerk shall set this matter for consideration on **October 28, 2022**, as noted in the caption.

Dated this 7th day of October, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2