UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB ANDREW JOHNSTON,<br><br>　　　　　　　Plaintiff(s),<br>　　v.<br><br>WAYLON HOWARD; and ERIC WULF,<br><br>　　　　　　　Defendant(s). | CASE NO. 3:22-cv-05089-TL-TLF<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 48) ("R&R"), and Plaintiff Jacob Andrew Johnston's objections to the R&R (Dkt. Nos. 49, 50). Having reviewed the R&R, Plaintiff's objections, and the remaining record, the Court REJECTS the R&R and DENIES Plaintiff's motion for a voluntary dismissal. Dkt. No. 46.

I.　BACKGROUND

Plaintiff is an incarcerated individual who sues two corrections officers for allegations of excessive force on December 5, 2021. Dkt. No. 5 (complaint); *see* Dkt. No. 29 (order identifying

ORDER - 1

the operative complaint). Plaintiff proceeds *pro se* and *in forma pauperis*. Dkt. No. 4. As an incarcerated individual, however, Plaintiff's *in forma pauperis* status means that he must pay monthly payments until the full amount of the $350 filing fee is satisfied. *Id.*

Plaintiff moved for voluntary dismissal (the "Motion"), stating, "I Plaintiff Jacob Johnston have decided to cancel all Court proceeding of case against [Defendants] . . . plaintiff feels there is not enough damage done to plaintiff . . . to proceed in [the] lawsuit."[1] Dkt. No. 46. Defendants responded by noting they have no objections to a dismissal. Dkt. No. 47 at 2. Accordingly, Judge Fricke issued an R&R recommending that Plaintiff's Motion be granted and the case dismissed without prejudice, pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(2). Dkt. No. 48 at 2.

Subsequently, however, Plaintiff filed two objections, expressing a desire to essentially withdraw his voluntary dismissal. Dkt. No. 49 ("Plaintiff wishes to have [the] Court stop all dismissal proceedings and stay on track to final decision."); Dkt. No. 50 ("Plaintiff has decided that he will object to his previous decision to cancel [the] case . . . ."). Plaintiff states that "there is plenty of evidence against Defendants to proceed with this case as of now" (Dkt. No. 49) and also lists the filing fee as another reason for continuing the litigation (Dkt. No. 50). Defendants did not respond to the R&R or Plaintiff's objections but have filed a motion for summary judgment, which is now briefed by the Parties. Dkt. Nos. 52, 60, 61, 65.

## II. LEGAL STANDARD

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge." 28

---

[1] Plaintiff's filings contain spelling errors. For the sake of readability, these errors have been corrected in direct quotations in this Order.

ORDER - 2

U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). A party properly objects when he files "specific written objections" to the report and recommendation. *Id.* 72(b)(2).

### III. DISCUSSION

FRCP 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." A voluntary dismissal under FRCP 41(a)(2) does not take effect until a court order has been entered and any terms and conditions imposed by the court are complied with. *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986). The decision to grant a voluntary dismissal under FRCP 41(a)(2) is entrusted to the sound discretion of the district court. *Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001).

Plaintiff's voluntary dismissal has not taken effect yet, as no court order has been entered on his Motion. The R&R's recommendation of granting the Motion was based on Plaintiff's request for a dismissal, which Plaintiff now seeks to withdraw. To dismiss the case would prejudice not only Plaintiff, who wishes to proceed in the litigation, but also Defendants, who have already expended resources on the motion for summary judgment. Given this change in circumstances, the Court finds it appropriate to permit the litigation to proceed.

### IV. CONCLUSION

Accordingly, the Court DENIES Plaintiff's Motion (Dkt. No. 46) as moot. The case is referred back to Judge Fricke for further proceedings.

Dated this 14th day of December 2022.

Tana Lin
United States District Judge

ORDER - 3